# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1037

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Damon John Torres, | * | |
| | * | **[UNPUBLISHED]** |
| Defendant-Appellant. | * | |

_____

Submitted: October 19, 2004
Filed: November 5, 2004

_____

Before COLLOTON, LAY, GRUENDER, Circuit Judges.

_____

PER CURIAM.

The Defendant, Damon John Torres, pled guilty[1] on a charge of Count 1 in a superceding indictment that he knowingly and unlawfully conspired with other persons to distribute fifty grams or more of a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He also pled guilty to Count 2 of the superceding indictment as an unlawful user of a controlled substance and knowingly possessing one or more firearms in and affecting interstate commerce, in violation of

_____

[1]The Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa, presiding.

18 U.S.C. § 922(g)(3). At the time of sentencing, the district court[2] placed the Defendant at a total offense level of 31 and in a criminal history category of 3. The court sentenced the Defendant to 150 months on Count 1 and concurrently to thirty months on Count 2 of the superceding indictment.

The guilty plea arose out of the Defendant signing a plea agreement with the Government in which the Defendant agreed to cooperate. The plea agreement in essence stated that the Government may, but was not required to, make a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines in which the Government could in its discretion request the court to depart below the sentencing range in the event that the Defendant provided "substantial assistance."

The plea agreement at paragraph 13 further provided:

It is understood and agreed that no motion for downward departure shall be made, under any circumstances, unless the defendant's cooperation is deemed "substantial" by the United States Attorney's Office and defendant has fully complied with all provisions of this plea agreement. The United States has made no promise, implied or otherwise, that a departure motion will be made or that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has not, in the assessment of the United States Attorney's Office, provided "substantial assistance."

The plea agreement further reads at paragraph 33:

The defendant further acknowledges that he is entering into this agreement *without reliance upon any discussions* between the government and him (other than those specifically described in this plea

---

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa, presiding.

-2-

agreement),without promise of benefit of any kind (other than any matters contained in this plea agreement) and without threats, force, intimidation, or coercion of any kind. (emphasis added).

The plea agreement made clear that no departure motion would be made if the information the Defendant provided was merely cumulative of information already in the possession of the Government. It also made clear that the agreement constituted the entire agreement between the parties and no other promises had been made to the Defendant by the Government or its agents.

At the plea hearing, the Magistrate Judge made the following finding: "I further find that your decision to plead guilty is not the result of any threats, force, pressure, coercion of any kind. It's not the result of any promises other than those promises made in Government's Exhibit 1, the plea agreement." The Defendant made clear that he understood the Government was not obligated to move for any departure.[3] At no time did he claim a breach of the plea agreement or that the Government had wrongfully denied him a motion for reduction of his sentence. The Defendant was sentenced on August 1, 2001, and was given his right of allocution. The record makes clear, however, that the Defendant did not have anything to say relating to his right of allocution.

The Defendant now claims that the Government told him at that time that they had used his debriefing to enhance his sentence and that they were going to give him an opportunity for a 35(b) motion. The Government denies there was any such promise. In early July, 2002, the Defendant filed a motion to compel a departure motion for sentence reduction under Federal Rule Criminal Procedure 35(b) and/or

_____

[3]At the plea hearing the court asked the Defendant: "Finally, you have to understand that you can do absolutely every single thing that the government asks you to do, and they are not obligated to move for that departure. Do you understand that?" The Defendant replied "Yes."

to remand his case to permit the Defendant to withdraw his plea. The Government filed a timely response in which it indicated that the filing of a motion to reduce a defendant's sentence for substantial assistance pursuant to Rule 35 lies in the discretion of the Government, and that the Government did not intend to file a Rule 35 motion in this case at this time. Thereafter, the Defendant filed an amended motion to compel a departure motion for sentence reduction under Rule 35(b) and/or to remand the case to permit the Defendant to withdraw his plea. The district court denied his amended motion and Defendant filed his notice of appeal.

On appeal, the Defendant claims that the Government was guilty of bad faith and took an irrational position and that he had established that the failure to file a 35(b) motion breached the Government's agreement with the Defendant. The Defendant also claims that he was denied the right of allocution. We have thoroughly reviewed the record and find that the Defendant fully understood that filing the motion for departure under Rule 35(b) lay exclusively within the discretion of the Government. The Government took the position that its refusal was not based upon an unconstitutional motive and its refusal to move was rationally related to a legitimate government end.

Upon review of the record, we find no promises were made by the Government to file such a motion and that the Defendant was given an opportunity to make allocution and refused to do so. The record belies the Defendant's unsupported claim that he pled guilty in reliance upon the Government's promise to file a 35(b) motion. Based upon the above analysis, we hereby affirm the district court's refusal to compel the Government to file a 35(b) motion for a downward departure, and we further affirm the finding that the Defendant was given an opportunity for allocution but failed to exercise his right at the time of sentencing.

The judgment is affirmed.

_____